PETITION OF HAROLD DEAN WILLIAMS

No. 11820

Submitted Jan. 30, 1970.

Decided March 10, 1970.

466 P.2d 90.

MEMO OPINION

PER CURIAM:

Petitioner was convicted by a jury of murder in the second degree and sentenced to the state prison for a term of 20 years. This was on July 25, 1969. The petitioner did not appeal from the judgment of conviction.

On January 30, 1970 petitioner sought a writ of habeas corpus from this Court. This Court, by an order dated Feberuary 2, 1970, remanded the matter to the trial court of the sixteenth judicial district where trial had been had.

The trial court in an order dated February 27, 1970 denied the application in an order which reads as follows:

"On January 30, 1970, this petition for Writ of Habeas Corpus, or other post conviction relief was filed with the Clerk of the Supreme Court of Montana. That Court, by its order of February 2, 1970, remanded the matter to this Court for an evidentiary hearing on the allegations presented in the petition.

"The practice in this state has always been to allow evidentiary hearings where the petition alleges facts, if true, that would require the release of the petitioner from custody. Sections 95-2601, 95-2705, R.C.M1947. However, such hearings are not mandatory and should not be granted as a mere matter of form when no useful purpose could be served by such hearing.

"This petition alleges that the petitioner's conviction and subsequent sentence are invalid because they are based upon the State's illegal search and seizure of evidence in violation of petitioner's Constitutional Rights. Therefore, the Court being fully advised on the premises now makes its.

## "FINDINGS OF FACT

"1. At 1:30 A.M. of the morning of November 23, 1968, Janet Smith was shot in the head and instantly died as a result of that gun shot wound.

"2. The death was reported to the Miles City Police Department which relayed the information to the Custer County Sheriff, who went to the scene of the homicide.

"3. While an investigation was being conducted at the scene of the homicide, petitioner voluntarily was driven to the Miles City Police Station in his car by his friend.

"4. Upon petitioner's arrival at the police station, he left his car and two friends waiting in the car and entered the police station.

"5. At this time, 2:30 A.M., there was one police officer in the station, Lt. Cain, who did not suspect or have any reason to suspect petioner of the commission of the homicide. Petitioner

entered the police station of his own free will and announced to Lt. Cain 'I just shot somebody'. Lt. Cain then asked the petitioner the following questions:·

"Lt. Cain: 'Where'

"Petitoner: 'At the Alta Club'

"Lt. Cain: What did you do with the gun'

"Petitoner: 'I left it at home'

"6. Petitoner was not arrested or placed in custody at this time and was free to leave the police station, and in fact did leave Lt. Cain's presence to go to the bathroom and to obtain cigarettes. In one of these absences Lt. Cain radioed the Sheriff to advise him that petitoner was at the police station.

"7. Prior to the Sheriff's arrival at the police station, petitioner made several phone calls to his wife· and at least one phone call to an attorney. When the Sheriff arrived at the police station petitioner was talking on the phone, after the completion of his phone call he asked the Sheriff:·

"  'How is she?'

"Sheriff: 'She is dead.'

"8. The Sheriff then asked 'Where is the gun' and the petitioner replied that it was at his house.

"9. Petitioner then willingly took the Sheriff to his house and found the gun, handed it to the Sheriff, who then took petitioner to the Sheriff's Office where he was given the 'Miranda Warning.'

"10. The Court appointed counsel for petitioner, he entered a plea of not guilty to the crime charged—murder in the first degree.

"11. Trial was set and petitioner filed a motion to suppress evidence. Hearing was had on the motion and findings of fact and conclusions of law were entered by the Court. Attachment 'A' incorporated herein. The State appealed from the Court's ruling prior to the trial and the Montana Supreme Court reversed as a matter of law on the uncontroverted facts. Attachment 'B' incorporated herein.

"12. At trial petitioner again sought to suppress the rifle when the State sought to introduce it as evidence. Argument was had out of the presence of the jury and petitioner's motion was denied. The state's evidence in reference to petitioner's actions and statements at the police station were uncontroverted. Petitioner took the stand on his own behalf and admitted that the Sheriff's testimony was true in reference to the facts here under inquiry.

13. The jury returned a verdict of guilty to murder in the second degree.

"14. Petitioner was sentenced to twenty years imprisonment on July 25, 1969, and is presently serving that sentence in the Montana State Prison in Deer Lodge, Montana, a distance of some four hundred miles from Miles City, Montana.

"From these facts the Court now makes its:

## "CONCLUSIONS OF LAW

"1. There is no factual dispute as to what transpired in the police station or at petitioner's house before he was given the 'Miranda Warning' at the Sheriff's Office.

"2. That this petition presents no allegations of fact which have not been considered by this Court on two prior occasions, and by the Supreme Court of Montana on one occasion.

"3. To order an evidentiary hearing on this petition would not assist petitioner or alter the findings of fact in any respect. Should the Court order such a hearing it would result in a waste of the Court's time and of public monies. The law does not require, even in the protection of Constitutional Rights, the performance of futile acts.

"4 There is no legal standard, judicial decision or statute which would prohibit the admission of petitioner's statements to Lt. Cain at his trial or any future judicial inquiry in this matter.

"5. The legal question of whether the rifle was admissible in evidence at petitioner's trial has been determined adversely to

petitioner. Exhibit 'B'. Nor is there any factual allegation, if true, that would alter or change that legal question.

"Therefore it is ORDERED, and this does order, that Petitioner's petition for Writ of Habeas Corpus, or other post conviction release is denied and this proceeding is dismissed.

"The Clerk of the Court is directed to send a copy of this Order to the Supreme Court of Montana along with the transcript of proceedings filed in criminal cause No. 2204, State vs. Harold Dean Williams, and dated March 18, 1970, and the depositions of Alton B. Cain and Francis W. Damm, filed in the same cause, for that Court's review.

"The Clerk of Court is further directed to send a copy of all materials sent to the Supreme Court of Montana to the petitioner."

As noted in the trial court's order, the matter was previously ruled on by this Court in State v. Williams, 153 Mont. 262, 455 P.2d 634. We see by the trial court's findings of fact that at the trial the rifle involved was admitted as evidence. Since no appeal was taken, we do not have the benefit of the transcript of testimony at the trial. We do not have any new or different facts before us. Our opinion then is res adjudicata and the petition is denied.